# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 7/14/2000 |
| **CASE TITLE** | Terrell Jones Jr. Vs. Syntex Laboratories et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Memorandum Opinion and Order. Syntex moves to dismiss the complaint on res judicata grounds. We grant Syntex's motion.

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 1 7 2000 | | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | SB | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| WAH | courtroom deputy's initials | 00 :2 Hd 4 1 7NP 00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL JONES JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 99 C 3113 |
| | ) | |
| SYNTEX LABORATORIES, INC., a corporation, | ) | **DOCKETED** |
| SYNTEX LABORATORIES (USA), INC., | ) | |
| a corporation, | ) | **JUL 17 2000** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terrell Jones, Jr. brings this *pro se* products liability action against defendants Syntex Laboratories, Inc. and Syntex (USA), Inc. (collectively "Syntex"), based on an allegedly defective infant soy formula produced by Syntex in the 1960s and 1970s. Syntex moves to dismiss the complaint on *res judicata* grounds. For the reasons set forth below, we grant Syntex's motion.

## BACKGROUND

Plaintiff was born on May 11, 1979. As an infant, plaintiff was placed on Syntex's Neo-Mull Soy Milk as his sole source of nutrition from May through July 1979. On July 27, 1979, Syntex issued a warning notifying the public of health hazards associated with Neo-Mull Soy Milk. According to the warning, several cases of a medical disorder known as metabolic alkalosis had been reported in infants who had used Syntex's soy formula. Neo-Mull Soy Milk subsequently was taken off the market. Plaintiff claims that he has suffered a speech impediment as a result of being fed Syntex's defective soy product while an infant and seeks to hold Syntex accountable.

A discussion of the procedural history of this case is a necessary backdrop to our adjudication of Syntex's motion. The original complaint in this dispute was filed in the Circuit Court of Cook County on November 16, 1979 by Lois Jones, the plaintiff's mother. That complaint was dismissed for want of prosecution in 1981 by Judge Benjamin S. Mackoff.[1] On September 26, 1986, Cook County Judge Clarence S. Lipnick entered an order purporting to vacate the 1981 dismissal order and providing Lois Jones 30 days to file an amended complaint (Syntex Exh. 4). Judge Lipnick's order turned out to be a rather empty effort at managing this case. First, Judge Lipnick's attempt to vacate the 1981 dismissal order was later found to have had no legal effect. Second, Lois Jones did not file an amended pleading in the time period allotted by Judge Lipnick. Nevertheless, despite both the 1981 dismissal order and the expiration of the 30-day time period, Lois Jones eventually sought to resuscitate the case by submitting an amended complaint on March 30, 1987 (Syntex Exh. 5). In that amended pleading, Lois Jones listed Terrell Jones, Jr. as the named plaintiff and designated herself and her husband as his next friends.

Nothing happened with the lawsuit for the next several years. In 1995, nearly fourteen years after the original complaint was dismissed, Lois Jones filed a formal petition to vacate the 1981 dismissal order pursuant to 735 ILCS 5/2-1401. That state statute proscribes the circumstances under which a plaintiff may move to vacate the dismissal of a case for want of prosecution. On July 26, 1995, Judge Sidney A. Jones of the Circuit Court of Cook County denied the petition to vacate the 1981 dismissal order (Syntex Exh. 6). Finally, in an attempt

---

[1]The precise date of dismissal is unclear, but it appears from the record that it was entered in either September or October 1981 (Syntex Exh. 3). For clarity's sake, we will simply refer to Judge Mackoff's order dismissing the case for want of prosecution as the "1981 dismissal order."

to clarify the state court's disposition of the case, Judge Jones entered an order on October 3, 1997, stating that Judge Lipnick's order of September 26, 1986, was not legally effective to vacate the 1981 dismissal order, and that the lawsuit was disposed of by the 1981 order dismissing the case for want of prosecution (Syntex Exh. 7).

Obviously frustrated by the state court's treatment of the case, Lois Jones filed this complaint in federal court on May 14, 1999, naming herself and her son as plaintiffs. In an order dated May 27, 1999, we granted leave to proceed *in forma pauperis*, but held that Terrell Jones, Jr., by then 20 years old, was not a minor for the purposes of bringing a products liability action. We therefore dismissed Lois Jones from the lawsuit as no longer being able or necessary to prosecute the case on behalf of her son, and left Terrell Jones, Jr. as the sole remaining plaintiff. <u>Jones v. Syntex Laboratories, Inc.</u>, 1999 WL 413472 (N.D. Ill. May 27, 1999). Syntex now seeks to dismiss plaintiff's federal complaint in its entirety, arguing that the state court adjudication of plaintiff's claims bars this lawsuit. We agree, but for reasons not raised in Syntex's motion.

<u>DISCUSSION</u>

Invoking the doctrine of *res judicata*, Syntex argues that the 1981 dismissal order entered in state court operates to bar plaintiff's federal lawsuit. Of course, federal courts are bound to provide full faith and credit to state court rulings. The Rules of Decision Act requires us to give state court judgments the same effect "as they have by law or usage in the courts of [the state] from which they are taken." 28 U.S.C. § 1738. Therefore, we must give the 1981 dismissal order the same *res judicata* effect as would be provided by an Illinois court. <u>McDonald v. City of West Branch, Mich.</u>, 466 U.S. 284, 287 (1984). Under Illinois law "a final

judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." Rein v. David A. Noyes & Co., 665 N.E.2d 1199, 1204 (Ill. 1996). These familiar principles set out the traditional three-part *res judicata* test, requiring a final decision on the merits, privity of parties, and the same cause of action. Syntex fails to clear the first hurdle.

The 1981 dismissal order was not a judgment on the merits according to Illinois law. Generally, a dismissal order is considered a final decision on the merits. Illinois Supreme Court Rule 273 provides:

> Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.

Ill. Sup.Ct.R. 273. A dismissal for want of prosecution, however, falls under one of the exceptions provided by Supreme Court Rule 273, for a state statute "otherwise specifies" that such an order is not a judgment on the merits. Section 13-217 of the Illinois Code of Civil Procedure provides that if an "action is dismissed for want of prosecution ... the plaintiff ... may commence a new action within one year or within the remaining period of limitation, whichever is greater ... ." 735 ILCS 5/13-217. Relying on this statute, Illinois courts consistently have held that a dismissal for want of prosecution does not constitute an adjudication on the merits. *See* A.W. Wendell and Sons, Inc. v. Qazi, 626 N.E.2d 280, 289-90 (Ill. App. 1 Dist. 1993), *appeal denied*, 638 N.E.2d 1112 (Ill. 1994); Kraus v. Metropolitan Two Illinois Center, 496 N.E.2d 1080, 1082 (Ill. App. 1 Dist. 1986). Indeed, "a dismissal for want of prosecution has always been considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a

subsequent suit on the same issues ... ." O'Reilly v. Gerber, 420 N.E.2d 425, 427 (Ill. App. 1 Dist. 1981).

In support of its position Syntex incorrectly relies on Federal Rule of Civil Procedure 41(b) and its federal case law progeny. That body of federal law provides that a dismissal for want of prosecution rendered by a federal court constitutes an adjudication on the merits and may serve as the basis for a *res judicata* theory. *See* Fed.R.Civ.P. 41(b); LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989); Lester v. Brown, 929 F. Supp. 291, 293-94 (N.D. Ill. 1996). Syntex's reliance on federal law is misplaced, however, for the *res judicata* effect of the 1981 dismissal order is governed by state law. *See* 28 U.S.C. § 1738. In Harl v. City of La Salle, 679 F.2d 123 (7th Cir. 1982), the Seventh Circuit faced a similar misunderstanding on the part of the parties. The Harl court rejected defendant's Rule 41(b) arguments and held that a dismissal for want of prosecution entered by a state court did not operate to bar plaintiff's federal lawsuit because that dismissal is not deemed an adjudication on the merits under Illinois law. *Id.* at 125-28. The court went on to note that Illinois law "is clearly inconsistent with federal cases construing the *res judicata* effect of dismissals for want of prosecution in federal courts. Whatever may be the wisdom of the federal rule, we are bound to apply Illinois law on this point." *Id.* at 126 n.4 (citations omitted). We, too, are required to apply Illinois law to construe the effect of the 1981 dismissal order. And, under Illinois law, that dismissal for want of prosecution does not constitute an adjudication on the merits and therefore cannot support Syntex's *res judicata* argument.

All is not lost for Syntex, however. As we explained above, the state court activity in this case did not cease with the entry of the 1981 dismissal order. In 1995, Lois Jones filed a

formal petition to vacate the 1981 dismissal order under 735 ILCS 5/2-1401. The state court denied that petition on July 26, 1995, and plaintiff did not appeal. While the 1981 dismissal order has no *res judicata* effect, the denial of the Section 2-1401 petition is a different matter. Generally, an order denying a Section 2-1401 petition operates to bar subsequent motions to vacate brought in state court. *See* State Farm Illinois Federal Credit Union v. Hayes, 416 N.E.2d 703, 705 (Ill. App. 4 Dist. 1981); Jones v. Reuss, 197 N.E.2d 709, 710-711 (Ill. App. 1 Dist. 1964). Under the full faith and credit principle, subsequent attempts to vacate brought in federal court are also barred. 28 U.S.C. § 1738; McDonald, 466 U.S. at 287. Therefore, insofar as plaintiff's federal complaint can be construed as an attempt to vacate the 1981 dismissal order – a reasonable interpretation given that the federal complaint essentially asks us to ignore the state court dismissal and address the merits of plaintiff's claims – it is barred under the doctrine of *res judicata*. By denying the Section 2-1401 petition the state court addressed and rejected plaintiff's attempt to reopen his case, and plaintiff failed to appeal that decision to the Illinois appellate court. We are bound to respect the state court's adjudication of the issue. Furthermore, by barring plaintiff's lawsuit we uphold the virtue of finality recently exalted by the Illinois Supreme Court in S.C. Vaughn Oil Co. v. Caldwell, Troutt & Alexander, 693 N.E.2d 338, 344 (Ill. 1998) (holding that a dismissal for want of prosecution becomes a final, appealable judgment upon expiration of the refiling period set out in 735 ILCS 5/13-217). "There must be certainty and finality in litigation; there must be a point in litigation at which the issues are decided and the determination is final." *Id.* at 346. Our

holding today acknowledges the finality conferred on this case by the state court's ruling.[2]

Accordingly, plaintiff's federal complaint is barred.

## CONCLUSION

For the reasons set forth above, we grant Syntex's motion to dismiss.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 14 , 2000.

---

[2]We recognize that ours is not the only possible reading of how Illinois law works in this context. Section 2-1401 provides that a petition to vacate "does not affect the order or judgment, or suspend its operation." 735 ILCS 5/2-1401(d). One may argue, therefore, that the underlying judgment in this case – the 1981 dismissal order – is unaffected by the denial of the Section 2-1401 petition in that it continues to operate as a judgment not on the merits and does not bar the federal lawsuit. Under this theory, the Section 2-1401 petition would be irrelevant for our purposes here. While this technical application of the rules may be plausible, we have found no Illinois case that has adopted this position. Furthermore, this approach does not advance the principle of finality embraced in S.C. Vaughn. In any event, we hold that plaintiff's lawsuit is barred by the denial of the Section 2-1401 petition (which we find to be relevant) and not the 1981 dismissal order.