# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 10/19/2001 |
| **CASE TITLE** | Terrell Jones, Jr. vs. Syntex Laboratories, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants move to bar plaintiff's mother from participating in the lawsuit. That motion is granted.

(11) ■ [For further detail see

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 22 2001 | |
| | Notified counsel by telephone. | | | date docketed | 70 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | DOCKETING 01 OCT 19 PM 3:01 | | |
| KMc | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRELL JONES, JR., a minor, )
and best friend, LOIS JONES, )
 )
Plaintiffs, )
 )
vs. ) No. 99 C 3113
 )
SYNTEX LABORATORIES, INC., )
a corporation; SYNTEX (USA), INC., )
a corporation, (
 )
Defendants. )

DOCKETED
OCT 2 2 2001

## MEMORANDUM OPINION AND ORDER

Defendants move to bar plaintiff's mother from participating in the lawsuit. That motion is granted.

The law is clear that a parent (or, for that matter, a guardian) cannot represent a minor or disabled child. He or she must be represented by counsel. Collinsgru v. Palmyra Board of Education, 161 F.3d 225, 231 (3d Cir. 1998); Wenger v. Canastota Central School Dist., 146 F.3d 123, 125 (2d Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876-7 (9th Cir. 1997). That is consistent with the more general concepts that "it is clear that an individual may appear in the federal courts only *pro se* or through counsel. 28 U.S.C. §1654 ...." Lewis v. Lenc-Smith Manufacturing Co., 784 F.2d 829, 830 (7th Cir. 1986).

Plaintiff contends that his mother is not appearing for him, that she only speaks in his behalf because he has a speech problem. And it is true that she has not entered a formal appearance. This court, however, is well aware from its own experience and from its review of transcripts of hearings before Magistrate Judge Nolan, that Ms. Jones is not merely expressing arguments and contentions formulated by her son. She is, rather, his advocate,

expressing whatever she thinks would be helpful in advancing his cause, which is, after all, what an attorney does. The reasons why a non-lawyer should not be permitted to represent another, which are touched upon in the cases cited herein, are well illustrated here. Ms. Jones does not understand her son's discovery obligations, she will not accept and follow rules of the court, she monopolizes discussions between parties and the court and constantly interrupts the judge, she disparages both defendant's counsel and the court, and she returns again and again to matters which are irrelevant or which have been previously decided. The result is that this case, which has been back in the district court after the appeal for nine months, has progressed hardly at all.

The granting of the motion does not, however, end the matter. The real issue, as recognized in Wenger v. Canastota Central School Dist., 146 F.3d at 125, is whether the court should appoint counsel to represent plaintiff pursuant to 28 U.S.C. §1915. Appointing counsel is not something ordinarily done, since it is assumed that a person with a meritorious claim can generally engage counsel on a contingent fee basis, particularly when the possible recovery is substantial. And when, as here, the claim is that defendants are responsible for a lifelong disability, the possible recovery is substantial. Plaintiff should be able to engage counsel if he has a reasonable possibility of success. On the other hand, the issues are complex, requiring expert scientific testimony, and plaintiff is plainly incapable of pursuing the litigation himself. See Caruth v. Pickney, 683 F.2d 1044 (7th Cir. 1982).

At this juncture plaintiff has not asked for appointment of counsel; we do not know what efforts he has made to obtain counsel other than the representation that he (by Ms. Jones) has contacted some 50 lawyers and they all want money; and we have no idea whether or not plaintiff has or does not have a possibly meritorious claim other than the inference

arising from his claimed inability to engage counsel. A brief excursion into the technical literature, available on the internet, suggests the following:

In the late 1970s as many as 20,000 infants were fed Neo-Mull-Soy or another formula that was deficient in chloride. A number of them – at least 141 – developed a condition, hypochloremic metabolic alkalosis (HMA). They had, on average, been fed one of those formulae exclusively for 14 weeks and had used one or the other as part of their diet for another seven weeks. The HMA-children may have been at a higher risk for deficits in language skills that require expressive language abilities, although the causation is uncertain.

Plaintiff alleges that he was fed Neo-Mull-Soy exclusively for eight or nine weeks in 1979. We do not know if he was ever diagnosed with HMA. He alleges a speech problem. Does that add up to possibly a meritorious claim? We cannot say on the basis of what is alleged. A first step is to determine whether plaintiff was diagnosed as having HMA back at the time, a matter which should be able to be readily determined from the plaintiff's medical records. Those should have been produced months ago. For now, we rule only that Ms. Jones cannot participate in the conduct of the litigation.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 19, 2001.