# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 10/24/2001 |
| **CASE TITLE** | Terrell Jones, Jr. vs. Syntex Laboratories, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories [69-1] is granted; Defendants' Motion to Strike Plaintiff's Request for Production of Documents [48-1] is granted; and Plaintiff's Motion to Compel [51-1] or Bar [51-2] is denied as moot. Plaintiff's Re-file Request for Production [68-1] is stricken with prejudice.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | 71 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 01 OCT 29 AM 10: 46 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TERRELL JONES, JR., )
)
    Plaintiff, )
)
v. ) Case No. 99 C 3113
)
SYNTEX LABORATORIES, INC., ) District Judge James B. Moran
a corporation; SYNTEX (USA), INC., )
a corporation, ) Magistrate Judge Nan R. Nolan
)
    Defendants. )

DOCKETED
OCT 3 0 2001

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories, Defendants' Motion to Strike Plaintiff's Request for Production of Documents, and Plaintiff's Motion to Compel or Bar. For the reasons explained below, Defendant's Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories is GRANTED; Defendants' Motion to Strike Plaintiff's Request for Production of Documents is GRANTED; and Plaintiff's Motion to Compel or Bar is DENIED as moot.

## BACKGROUND

Plaintiff Terrell Jones, Jr. filed a pro se complaint against Syntex Laboratories, Inc. and Syntex (USA), Inc. (collectively "Syntex"), alleging that as an infant, he suffered personal injury from consuming Neo-Mull-Soy, a soy-based infant formula manufactured and/or distributed by Syntex.

1

71

The parties appeared before the Court on September 18, 2001,[1] at which time the Court made preliminary rulings on the above motions. Final ruling on the motions was continued to October 25, 2001.

## DISCUSSION

I. **Defendants' Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories**

Rule 33(b)(1) of the Federal Rules of Civil Procedure, as amended in 1993, states:

> Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

Rule 33 was amended in 1993 "to emphasize the duty of the responding party to provide full answers to the extent not objectionable." See Fed. R. Civ. P. 33(b) advisory committee's note. If a party objects to an interrogatory, the grounds for the objection "shall be stated with specificity." Fed. R. Civ. P. 33(b)(4); see also Fed. R. Civ. P. 33(b) advisory committee's note ("Paragraph (4) is added to make clear that objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived.").

Rule 37(a) of the Federal Rules of Civil Procedure provides that if a party fails to answer an interrogatory served pursuant to Rule 33, the party that propounded the interrogatory may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(2)(B). For the purposes of a motion to compel

---

[1] Plaintiff Terrell Jones, Jr. did not personally appear before the Court on September 18, 2001. His mother, Lois Jones, appeared on his behalf and purported to speak for him. Senior District Court Judge Moran subsequently issued an order barring Ms. Jones, a non-attorney and non-party, from appearing on Plaintiff's behalf in the future. *See Jones v. Syntex Laboratories, Inc.*, No. 99 C 3113 (N.D. Ill. Oct. 19, 2001) (order granting motion to bar plaintiff's mother from participating in the lawsuit).

2

under Rule 37(a), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3).

On June 5, 2001, Jones served Syntex with answers to interrogatories and responses to discovery requests. Syntex filed Defendants' Motion to Compel Complete and Responsive Answers to Outstanding Discovery (Docket Entry #49) [hereinafter "Motion to Compel"] on July 6, 2001, claiming that Jones's interrogatory answers were vague, non-responsive, and/or incomplete, and that Jones's responses to Syntex's document requests were evasive and incomplete.

On September 18, 2001, Syntex's Motion to Compel was granted in part and denied in part by this Court. The Court granted Syntex's motion as it related to Jones's responses to Syntex's production requests. Jones was given two weeks to re-answer the requests for production and to produce the requested documents.[2] The Court denied Syntex's Motion to Compel more complete interrogatory answers, because Syntex's motion did not list specific objections to each answer that Syntex claimed was inadequate. The Court granted Syntex leave to file more specific objections to Jones's interrogatory answers.

Syntex filed its Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories (Docket Entry #69) [hereinafter "Amended Motion to Compel"] on October 2, 2001.[3] The Amended Motion to Compel is presently before the Court. Syntex's

---

[2]In its September 18, 2001 Order, the Court granted Syntex until October 16, 2001, to file specific objections, if any, to Jones's October 2, 2001 document production and responses to document requests. Syntex has not filed any objections, but it should be noted that any failure by Jones to comply with this Court's Order or the Federal Rules of Civil Procedure will be considered in a manner consistent with this opinion.

[3]Jones was given until October 16, 2001 to respond to the Amended Motion to Compel, but no response was filed.

3

Amended Motion to Compel objects to Jones's answers to 19 of Syntex's 25 interrogatories. In addition, Syntex objects to Jones's inclusion of a "Background" section in his answers. Syntex's objections fall into roughly three categories: the requests are vague and/or non-responsive; the responses are incomplete; or the responses provide no basis for a claimed lack of knowledge. Each category of objections will be discussed in turn.

*Vague/Non-responsive Answers*

Syntex objects to the "Background" section of Jones's answers as well as Jones's responses to Interrogatory Nos. 18 and 21 as vague and/or non-responsive.

This Court agrees that Jones's answers to Interrogatory Nos. 18 and 21 are vague and non-responsive and should be treated as a failure to answer under Fed. R. Civ. P. 37(a)(3). Furthermore, the information contained in the "Background" section does not answer Syntex's Interrogatories "separately and fully" as required by Fed. R. Civ. P. 33(b)(1). Jones is ordered to respond fully to Interrogatory Nos. 18 and 21 and to strike the Background section of his answers. To the extent that any information contained in the Background section is responsive to an interrogatory, Jones must include the information in an answer to a specific interrogatory request.

*Incomplete Answers*

Syntex's second objection is that Jones's answers to Interrogatory Nos. 1-2, 4-6, and 8-9 are incomplete. Syntex further claims that Jones's objection to Interrogatory No. 13 as irrelevant omits the basis for the objection.

First, the Court finds that Jones's objection to Interrogatory No. 13 "due to relevancy" fails to state specific grounds for the objection as required by Fed. R. Civ. P. 33(b)(4). It is not apparent from the record that Syntex's request is irrelevant, so Jones must provide a specific legal basis to

support his objection. Moreover, even if part of the interrogatory is objectionable, Fed. R. Civ. P. 33(b)(1) requires him to "answer to the extent the interrogatory is not objectionable." Jones is ordered either to respond fully to Interrogatory No. 13 or, in the alternative, to provide specific grounds for his objection, as required by Fed. R. Civ. P. 33(b)(4), and to answer to the extent the interrogatory is not objectionable.

Second, the Court concludes that Jones's answers to Interrogatory Nos. 1-2, 4-6, and 8-9 are incomplete and should be treated as a failure to answer under Fed. R. Civ. P. 37(a)(3). Because many of these interrogatories seek personal information that should be easily available to Jones and/or relate to the heart of his claim for damages, the omissions cannot be justified on their face. Therefore, Jones must provide complete answers to Interrogatory Nos. 1-2, 4-6, and 8-9. If Jones cannot obtain the information necessary to fully respond to any of these interrogatories, his answer must include a detailed explanation of his efforts to obtain information and the reason his efforts were not successful.

*Claimed Lack of Knowledge*

Syntex objects to Jones's answers to Interrogatory Nos. 3, 7, 11-12, 14-17, and 25 on the basis that in his answers, Jones claims a lack of knowledge but does not state what if any effort he has made to obtain information responsive to the interrogatory.

Jones claims he lacks knowledge of facts relating to the injury claimed in his lawsuit, his family's medical history, and other facts that likely are within the knowledge of his mother or other family members. Jones's personal lack of knowledge does not excuse his failure to answer the interrogatories, because his duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others. Jones is directed to respond fully to

Interrogatory Nos. 3, 7, 11-12, 14-17, and 25. If Jones cannot obtain the information necessary to fully respond to any of these interrogatories, his answer must include a detailed explanation of his efforts to obtain information and the reason his efforts were not successful.

For the above reasons and for the reasons expressed by this Court on September 18, 2001, Defendants' Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories (Docket Entry #69) is granted, and Jones is ordered to resubmit responses to Syntex's interrogatories consistent with this opinion.

## II. <u>Defendants' Motion to Strike Plaintiff's Requests for Production</u>

Rule 26(b)(2) of the Federal Rules of Civil Procedure provides that a court may limit the scope of discovery if, among other things, "the discovery sought is unreasonably cumulative or duplicative."

On June 4, 2001, Jones served Syntex with a request for production of documents that contained seven sets of requests, totaling 157 requests for documents and information. In response to Jones's request, Syntex filed Defendants' Motion to Strike Plaintiff's Requests for Production (Docket Entry #48) on July 6, 2001.

Jones was granted an extension of time to respond to the Motion to Strike, but no response was filed by the time the parties appeared before this Court on September 18, 2001. On that date, this Court granted Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 26(b)(2) because the requests were unreasonably cumulative and duplicative, and Syntex had already produced documents responsive to many of the requests. The Court allowed Jones 14 additional days, until October 2, 2001, to refile his requests for production in accordance with Rules 34 and 26(b)(2) of the Federal Rules of Civil Procedure. Syntex was also given leave to file objections to Plaintiff's newly filed

requests.[4]

Jones filed his revised set of production requests on October 2, 2001, entitled "Plaintiff's Re-file Request for Production" (Docket Entry #68). Jones's revised requests contain seven sets of requests, totaling 163 separate requests for documents and information. Syntex did not file additional objections to the revised requests for production. Because Plaintiff's new requests are substantially the same as the requests for production stricken on September 18, 2001, the Court considers its ruling based upon the objections raised by Syntex in its July 6, 2001 Motion to Strike.

Jones was granted leave to refile his requests for production on the express condition that his amended requests would comply with the requirements of the Federal Rules of Civil Procedure. Jones's revised requests, however, remain unreasonably cumulative and duplicative and therefore will be stricken pursuant to Fed. R. Civ. P. 26(b)(2). First, Sets II through VII of Jones revised requests for production are the same as Sets II through VII of the requests stricken by this Court on September 18, 2001. Second, while Set I of the revised requests is somewhat different from Set I of Jones's June 4, 2001 requests for production, it too fails to meet the requirements of the Federal Rules. A number of requests contained in the revised Set I are repeated elsewhere in the revised requests for production. (*Compare, e.g.,* Set I, Request Nos. 8-14 *with* Set III, Request Nos. 4-6, 8-9, 13-14.) Other revised requests do not seek production of documents at all and instead are in the form of Interrogatory questions. (*See, e.g.,* Set I, Request Nos. 25-28, 30-31.) Still other document requests are wholly improper and/or are not reasonably calculated to lead to the discovery of

---

[4]In addition, Syntex was granted until November 19, 2001 to answer new discovery that Jones served at the September 18, 2001 hearing. The Court noted that Syntex's discovery response date was subject to revision based upon the final ruling on Defendants' Motion to Strike.

admissible evidence. (*See, e.g.,* Set I, Request Nos. 4, 20-21.) The remaining document requests in Set I are, like the requests in Sets II through VII, unreasonably cumulative and duplicative.

For the above reasons and for the reasons expressed by this Court on September 18, 2001, Defendants' Motion to Strike Plaintiff's Requests for Production (Docket Entry #48) is granted, and Plaintiff's Re-file Request for Production (Docket Entry #68) is stricken with prejudice. Based on this ruling, the Court's September 18, 2001 Order granting Syntex until November 19, 2001 to respond to Jones' new discovery requests is stricken as moot.

### III. Motion to Compel or Bar

Jones filed a Motion to Compel or Bar (Docket Entry #51) on August 2, 2001. As stated by the Court on September 18, 2001, this motion is denied as moot based on the Court's rulings on the discovery motions discussed above.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Amended Motion to Compel Complete and Responsive Answers to Outstanding Interrogatories is GRANTED; Defendants' Motion to Strike Plaintiff's Request for Production of Documents is GRANTED; and Plaintiff's Motion to Compel or Bar is DENIED as moot.

Plaintiff Jones is ordered to comply with this Court's Order compelling complete answers to Syntex's interrogatories no later than November 8, 2001.

ENTER:

*[signature]*

Nan R. Nolan
United States Magistrate Judge

Dated: 10-24-01

8