Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 2/12/2002 |
| **CASE TITLE** | Terrell Jones, Jr. etc. Vs. Syntex Laboratories, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff has moved for appointment of counsel. That motion is denied. Status hearing set for February 21, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | FEB 1 3 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | 90 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | WAH | courtroom deputy's initials | 02 FEB 12 PM 5:17 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRELL JONES, JR., a minor )
and best friend, LOIS JONES, )
 )
       Plaintiffs, )
 )
vs. ) No. 99 C 3113
 )
SYNTEX LABORATORIES, INC., )
a corporation; SYNTEX (USA), INC., )
a corporation, )
 )
       Defendants. )

DOCKETED
FEB 13 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff has moved for appointment of counsel. That motion is denied.

We earlier directed plaintiff to provide whatever medical records and other material he might have that might lead to the conclusion that he possibly had a meritorious claim. He finally did so, and we have reviewed those materials carefully. Those records establish that plaintiff was born May 11, 1979. He was allergic to cow's milk and, according to a July 30, 1979 pediatric record, he was fed Isomil. He was in South Shore Hospital from August 20 through August 24, 1979, and there are extensive medical records. He was on Isomil at the hospital, and the hospital records indicate that he was first on Enfamil and then Isomil.

The Neo-Mull Soy warning hit the newspapers on July 27, 1979. On August 27, 1979, three days after the discharge from South Shore, plaintiff's mother took him to a Dr. Audley Mamby, 3233 S. Dr. Martin Luther King Drive, and asked that he be tested for metabolic alkalosis. In a one-page "To Whom it May Concern," the doctor concluded that he did have metabolic alkalosis. No reasons are given and there are no medical records from that visit or for 12 visits and 15 treatments thereafter, for which Dr. Mamby charged $1,635 on December

6, 1979. No Dr. Mamby is currently listed in the telephone book as a physician or resident in Chicago. Plaintiff's mother claims that the medical records referring to Isomil are in error. There are no medical records referring to Neo-Mull Soy.

That scenario casts considerable doubt on plaintiff's claim. We are not, however, expert in the review of medical records and, accordingly, we asked a nurse who specializes in advising plaintiff personal injury lawyers about medical matters also to review the records. Those records do not indicate any testing for metabolic alkalosis, such as electrolyte studies of the urine, ECG (for evidence of hypokalemia), or testing for arterial blood gases. Analyses of blood chemistry and urine were done at South Shore Hospital and they were normal. Symptomology of metabolic alkalosis include poor appetite, failure to gain weight and failure to thrive. Plaintiff did have a vomiting problem, but he did not have a poor appetite nor did he fail to gain weight or thrive. When at South Shore Hospital he weighed 15½ pounds, double his birth weight 3½ months after birth. Normal weight gain is double by 4-6 months. The records indicate that plaintiff may be a stutterer, but that is not a known risk and is far different from the sequelae associated with the Syntex product. She concluded that there is nothing in the material reviewed to support plaintiff's claim.

We cannot, of course, know what evidence might have been available over 20 years ago. We are constrained by what is available now. In the circumstances presented we cannot justify appointment of counsel.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 12, 2001.