# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 3/25/2002 |
| **CASE TITLE** | Terrell Jones, Jr. vs. Syntex Laboratories, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 6/20/2002 at 9:00 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant appeared. Plaintiff did not appear. Enter Memorandum Opinion and Order: Defendant's Motion for Sanctions [77-1] is denied. Jones must fully respond to Syntex's outstanding Interrogatories by 4/8/02. Jones must fully respond to Syntex's outstanding Document Requests by 4/8/02; if all responsive documents in his possession have already been produced to Syntex, Jones is ordered to produce an affidavit testifying to that fact. Syntex is ordered to respond to Jones's pending Requests to Admit no later than 30 days from the date of this order, by 4/24/02. All discovery is to be completed by 6/24/02. **There will be no further extensions.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 26 2002 date docketed | 94 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CDY docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | | |
| KMc | courtroom deputy's initials | 02 MAR 25 PM 2:27 Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
MAR 2 6 2002

| | |
|---|---|
| TERRELL JONES, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 99 C 3113 |
| SYNTEX LABORATORIES, INC., a corporation; SYNTEX (USA), INC., a corporation, | ) District Judge James B. Moran<br>) Magistrate Judge Nan R. Nolan |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terrell Jones, Jr., appearing *pro se*, brings this action against Defendants Syntex Laboratories, Inc. and Syntex (USA), Inc. (collectively "Syntex") for personal injuries he allegedly suffered from consuming a soy-based infant formula manufactured by Syntex. This matter is before the Court on Defendants' Motion for Sanctions. (Docket #77.) In its motion, Syntex asks the Court to dismiss the action as a sanction for Jones's failure to answer discovery and for failing to obey this Court's discovery orders. Jones did not respond to the motion. For the following reasons, Defendant's Motion for Sanctions is DENIED.

## BACKGROUND

The parties to this litigation have had a history of discovery disputes, the details of which are not important for the purpose of this motion. Generally, Syntex has complained that Jones has been late in complying with Syntex's discovery requests and/or his responses have been incomplete. Jones has also complained that Syntex has not produced all requested discovery, but this Court has

1

94

denied his previous motions to compel, finding that Syntex had produced all responsive documents in its possession.

On October 24, 2001 this Court ruled on the parties' most recent discovery dispute, granting Syntex's motion to compel answers to interrogatories and requests for production and denying Jones's motion to compel or bar as moot. Jones was granted until November 8, 2001 to comply with the Court's order. (Docket #71.) Two days before his discovery responses were due, Jones appealed several rulings made by this Court and the District Court. (Docket #73.) Jones failed to appear before this Court for status the following day, citing illness in the family. Syntex then filed the present motion for sanctions on November 14, 2001.

After the motion for sanctions was filed and while his appeal was pending before the Seventh Circuit Court of Appeals,[1] Jones moved the District Court for appointment of counsel. (Docket #79.) On November 26, 2001, the District Court ordered Jones to furnish copies of medical records as part of his motion for appointment of counsel, stating that the motion would be denied unless Jones could establish he had a meritorious claim through the medical records or otherwise. (Docket #81.) On December 11, 2001, Jones furnished copies of his medical records to the District Court and to opposing counsel.[2] (Docket #93.) Meanwhile, on January 9, 2001, this Court stayed all matters, including the present motion for sanctions, pending the District Court's ruling on Jones's motion for

---

[1] On November 16, 2001, the Seventh Circuit ordered Jones to file a memorandum by November 27, 2001 stating why the appeal should not be dismissed for lack of jurisdiction.

[2] Jones did not appear before the District Court at the appointed time that day, so the Court denied Jones's motion for appointment. The denial contained a caveat that the District Court would reconsider its order if Jones filed the requested medical documents in the immediate future. Jones appeared before this Court later that morning and served the documents on Syntex and filed copies with the District Court. The District Court agreed to reconsider the denial accordingly.

2

appointment of counsel. (Docket #86.) On February 6, 2002, the Seventh Circuit dismissed Jones's pending appeal for lack of jurisdiction (Docket #89), and the District Court denied Jones's motion for appointment of counsel on February 12, 2001 (Docket #90).

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) provides that "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order . . . dismissing the action or proceeding or any part thereof . . ." Fed. R. Civ. P. 37(b)(2).

District courts have broad discretion whether to impose discovery sanctions. *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 282 (7th Cir. 1988). Sanctions may be imposed where a party has failed to comply with a discovery order and has demonstrated willfulness, bad faith, or fault. *See, e.g., id.* Sanctions may also be appropriate where a party has engaged in "contumacious conduct" or "dilatory tactics," or where less drastic sanctions have failed. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

In deciding whether to impose sanctions for failure to respond to discovery, a court must consider the circumstances of the failure, "because the judge must be guided by the norm of proportionality that guides all judicial applications of sanctions." *Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992); *see also Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) ("We are particularly vigilant in requiring proportionality 'where the draconian sanction of dismissal is imposed.'") (citation omitted).

A court is not required, however, "'to fire a warning shot'" before imposing a harsh sanction. *Patterson*, 852 F.2d at 284 (*quoting Hal Commodity Cycle Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139

3