

Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 9/17/2002 |
| **CASE TITLE** | Terrell Jones, Jr. etc. Vs. Syntex Laboratories, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves for summary judgment. That motion is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 18 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 101 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRELL JONES, JR., a minor, and best )
friend, LOIS JONES, )
)
Plaintiffs, )
)
vs. ) No. 99 C 3113
)
SYNTEX LABORATORIES, INC., a )
corporation; SYNTEX (USA), INC., a )
corporation, )
)
Defendants. )

DOCKETED
SEP 18 2002

## MEMORANDUM OPINION AND ORDER

Defendant moves for summary judgment. That motion is granted.

This case has had a troubled history, complicated by the length of time between plaintiff's claimed ingestion of Neo-Mull Soy Milk in 1979 and the filing of the complaint in 1999 and plaintiff's inability to find a lawyer who would take the case. One thing has been clear: some infants who were fed Neo-Mull Soy Milk developed hypochloremic metabolic alkalosis (HMA). There does not seem to be much dispute that plaintiff has a speech problem -- he stutters. Given those circumstances, this court and Magistrate Judge Nolan have both provided plaintiff with numerous opportunities to provide some basis for linking plaintiff's speech problems with his ingestion of Neo-Mull Soy Milk for eight weeks or so some 23 years ago. This he has been unable to do.

Although the records plaintiff produced do not support the claim that plaintiff was ever fed Neo-Mull Soy Milk (plaintiff's mother asserts that medical records to the contrary are erroneous), we assume the mother would testify that her infant did in fact ingest Neo-Mull Soy

Milk during the indicated period in 1979. But it is not enough to prove that he did so, Neo-Mull Soy Milk in some cases caused HMA, and plaintiff has a speech problem. We note that the Syntex product, or a similar product, was used by as many as 20,000 infants, with 141 or so reported cases of HMA. The only "evidence" that plaintiff had HMA is the conclusion of a doctor, who has disappeared from the scene, without any supporting medical records. There is absolutely no evidence that HMA can cause speech problems, nor do the medical records that are available (we assume plaintiff could authenticate them) indicate any of the sequelae associated with HMA. Recognizing the great difficulties faced by a *pro se* plaintiff in pursuing an action such as this, we have browsed through the technical literature available on the internet and have found nothing that might support a contrary result.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 17, 2002.