

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3113 | **DATE** | 11/5/2002 |
| **CASE TITLE** | Terrell Jones, Jr. Vs. Syntex Lab, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff moves for reconsideration of the September 17, 2002, order of dismissal. He claims he never received a copy of the motion for summary judgment filed 7/31/02, although that motion in the court file includes a certificate of service by mail to plaintiff at his home address. But even if he did not receive a copy, the motion for reconsideration ignores the history of this litigation. Plaintiff is directed to file a response to defendants' motion for summary judgment by 11/27/02.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRELL JONES, JR., )
)
        Plaintiff, )
)
vs. ) No. 99 C 3113
)
SYNTEX LAB, et al., )
)
        Defendants. )

DOCKETED
NOV 07 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff moves for reconsideration of the September 17, 2002, order of dismissal. He claims he never received a copy of the motion for summary judgment filed July 31, 2002, although that motion in the court file includes a certificate of service by mail to plaintiff at his home address. But even if he did not receive a copy, the motion for reconsideration ignores the history of this litigation.

Much of the effort of this court and the effort of Magistrate Judge Nolan in this litigation has been devoted to getting plaintiff to come up with whatever he has to substantiate his claims. Ultimately, after that long sustained effort, he did come up with a file which we reviewed, both for the purposes of determining his motion for appointment of counsel and again when determining defendants' motion for summary judgment. Plaintiff often did not appear for status calls or arrived well after the court call. He was here, however, on July 25, 2002, when a schedule was set for defendants' motion for summary judgment – the motion was to be filed by July 31, 2002 (it was), plaintiff was to respond by August 29, 2002, and defendants were to reply by September 9, 2002. We then explained what plaintiff needed to do in order to respond. The record does not suggest that plaintiff ever advised defendants that he had not received a copy of defendants' motion for summary judgment. Nonetheless, when



we received that motion we assumed, despite the absence of any affidavits, that plaintiff could produce an affidavit from his mother attesting that he had ingested Neo-Mull Soy Milk as claimed and that he could authenticate the records he had produced. That information, we concluded, was insufficient to defeat the motion.

Even so, we will give plaintiff one last opportunity to establish a claim. He is directed to file a response to defendants' motion for summary judgment by November 27, 2002. That response must provide citations to the record, documentary evidence and/or an affidavit or affidavits, based upon personal knowledge, that show that there is genuine dispute of material fact. That is, plaintiff must present specific evidence showing that he could prevail on his claim. He cannot rely upon mere assertions or denials that are not backed up by specific evidentiary support.[1]

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 5, 2002.

---

[1] *See* Federal Rule of Civil Procedure 56(e), which reads as follows:

"(e) FORM OF AFFIDAVITS; FURTHER TESTIMONY; DEFENSE REQUIRED. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion or summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."